FILED 16 OCT '23 16:08 USDC-ORE

**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**MICHELLE KERIN**, OSB No. 965278
michelle@angelilaw.com
**AMY E. POTTER**, OSB No. 231794
amy@angelilaw.com
**AMANDA A. THIBEAULT**, OSB#132913
amanda@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant Samuel Troy Landis*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON<br><br>vs.<br><br>SAMUEL TROY LANDIS<br><br>Defendant. | Case No. 6:23-cr- 00330-MC<br><br>**NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. § 1442(a)(1)**<br><br>**Removal of Case No. [23CR43209], Marion County Circuit Court.** |

### NOTICE OF REMOVAL OF STATE CRIMINAL PROSECTION

Defendant Samuel Troy Landis, a Special Agent for the United States Drug Enforcement Administration ("DEA"), through counsel, and pursuant to 28 U.S.C. §§ 1442 and 1455, files this Notice of Removal of State Criminal Prosecution ("Notice") to remove the case of *State v. Samuel Troy Landis*, Case No. 23CR43209 from the Circuit Court of Marion County, Oregon, to the United States District Court for the District of Oregon.

PAGE 1 – NOTICE OF REMOVAL

While conducting surveillance, Agent Landis was involved in an accident. The State has charged him with criminally negligent homicide. Because he was acting in his official capacity and intends to raise a defense that his actions were necessary and proper, he is entitled to have his case heard in federal court.

Pursuant to 28 U.S.C. § 1455(a), copies of all process, pleadings, and orders served upon Agent Landis are attached as Exhibits [A-G].[1] As grounds for removal, Agent Landis states the following:

## BACKGROUND

Agent Landis has been a sworn federal law enforcement agent for almost 14 years and employed with the DEA as a Special Agent since 2016. He is based in Salem and, as a DEA agent, is responsible for investigating drug crimes.

On March 28, 2023, multiple law enforcement officers, including Agent Landis, were conducting surveillance of a target suspected of supplying large quantities of fentanyl in the Salem area.[2] To avoid detection, multiple agents and officers, including Agent Landis, tracked the target in their undercover (government issued) vehicles.

While following the target in his government-issued vehicle, Agent Landis, along with other law enforcement, lost visual contact with the target. In trying to regroup and locate the target in furtherance of the investigation, Agent Landis inadvertently collided with a cyclist in an intersection. The rider died shortly after the collision.

---

[1] The State includes PII in many of its publicly filed documents. Those documents will be redacted for filing in this Court.

[2] The operation was part of a larger effort by a task force that includes DEA, the Oregon State Police, the FBI, and the Salem Police Department, which has been investigating a large-scale, international drug trafficking organization distributing fentanyl throughout the West Coast, including in Marion County.

The State concluded that Agent Landis was criminally negligent because he did not come to a complete stop at the controlled intersection where the accident occurred. However, the State's investigation revealed that Agent Landis was neither speeding nor under the influence at the time of the accident.

On August 31, 2023, a Marion County grand jury returned a secret indictment against Agent Landis, charging him with one count of criminally negligent homicide, in violation of ORS 163.145. Exs. A, B. The indictment was filed with the Marion County Circuit Court on September 6, 2023, and an arrest warrant was issued that same day. Exs. B, D. Agent Landis made his initial appearance and was arraigned on September 20, 2023. Ex. A.

Agent Landis denies and reserves the right to dispute the allegations against him,[3] and asserts that at all relevant times he was acting as a federal officer, under color of his office, and that he has a colorable federal defense to the charge against him: immunity under the Supremacy Clause of the United States Constitution. Accordingly, Agent Landis has the right to have this case heard in federal court. And he requests a jury trial.

I.     **GROUNDS FOR FEDERAL OFFICER REMOVAL UNDER 28 U.S.C. § 1442**

A.     **Removal Generally**

Congress long ago decided that federal officers should not be subject to prosecution in state court for acts that occurred while they were operating within the scope of employment; the removal statute accomplishes that goal. 28 U.S.C. §1442(a)(1); *see also Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Tennessee v. Davis*, 100 U.S. 257, 263 (1880). The federal removal

---

[3] "It was settled long ago that the federal officer, in order to secure removal, need not admit that he actually committed the charged offenses." *Willingham v. Morgan*, 395 U.S. 402, 408 (1969) (citing *Maryland v. Soper*, 270 U.S. 9, 32-33 (1926)).

statute permits removal of any "criminal prosecution that is commenced in a State court" against "any officer...of the United States or the agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1). And it "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989). In sum, "[f]ederal agents are protected from state criminal prosecution where the federal agent is acting reasonably within the broad contours of official duty, and without malice." *California v. Dotson*, No. 12CR0917 AJB, 2012 WL 1904467, at *2 (S.D. Cal. May 25, 2012) (citing *Idaho v. Horiuchi*, 253 F.3d 359, 381 (9th Cir.) (en banc) (Hawkins, dissenting), *vacated as moot*, 266 F.3d 979 (9th Cir. 2001).

The statute makes clear that "the right of removal under 28 U.S.C. §1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham*, 395 U.S. at 406. To qualify, a defendant need only show: (1) that the alleged conduct concerns actions undertaken as a federal officer; (2) the prosecution is for "any act under color of office"; and (3) defendant can "raise a colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (quoting 28 U.S.C. § 1442(a)(3)).

The statute sets out a clear procedure for evaluating a removal notice. First, this Court must promptly examine the notice to ensure "it clearly appears on the face of the notice and any exhibits" that removal is proper. 28 U.S.C. § 1445(b)(4). In other words, the notice must make clear that the defendant (1) was acting in his official capacity and (2) has a federal defense. At

PAGE 4 – NOTICE OF REMOVAL

the removal stage, the officer need not prove that his defense will be successful, only that it be "colorable." *Acker*, 527 U.S. at 431. This Notice does just that.

Once this Court confirms that the notice provides sufficient grounds for removal, it "shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1445(b)(5). And if the Court determines the notice is proper, it "shall notify the State court in which the prosecution is pending." *Id.* Agent Landis requests that this Court find that removal is proper on the face of this pleading and promptly schedule a hearing on the motion to dismiss based on his federal defense. *See California v. Dotson,* No. 11-cv-2932-AJB (ECF No. 2) (granting removal without a hearing but keeping motion hearing set for other purposes)

### B. Removal is Proper

Removal is proper in this case because Agent Landis was "acting under the color of his office" and has a "colorable" federal defense. *Acker*, 527 U.S. at 431. Importantly, while Agent Landis must make a preliminary showing that he has such a defense, he need not "'win his case before he can have it removed.'" *Id.* (citation omitted). And this Court must credit Agent Landis's "theory of the case" when considering whether he has satisfied the jurisdictional elements. *Acker*, 527 U.S. at 432.

The reason for removal is to ensure that Agent Landis's defense of federal immunity is heard in federal court. *Id.* This Notice—which sets forth all the necessary elements for removal—will allow just that.

First, Agent Landis is an Officer of the United States. There is no debate that, at the time of the accident, Agent Landis was a sworn federal law enforcement officer with the DEA, on duty, and acting in his official capacity while conducting surveillance. This ends the inquiry; Agent Landis is an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

PAGE 5 – NOTICE OF REMOVAL

He was also acting "under the color of his office." Agent Landis was conducting surveillance as part of his official duties when the accident occurred. This is sufficient. Removal requires only that "his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution." *Maryland v. Soper*, 270 U.S. 9, 33 (1926). Agent Landis was operating his vehicle as he attempted to regain contact with the target of the surveillance; nothing more is required.

Agent Landis also has a colorable defense under federal law, namely, that he is immune from prosecution. 21 U.S.C. § 885 ("No civil or criminal liability shall be imposed by virtue of this subchapter upon any duly authorized federal officer lawfully engaged in the enforcement of this subchapter. . . who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances."); *see also Mesa*, 489 U.S. at 134. Federal officers are immune from state prosecution if "(1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988); *see also Dotson*, 2012 WL 1904467, at *2 ("Arguing [Supremacy Clause] immunity protects federal officers from state court prosecution when the prosecution is based on activities performed in the scope and course of duty where the officers [*sic*] conduct was 'necessary and proper'" (citation omitted)).

Agent Landis intends to prove that he was acting within the scope of his authority when the accident occurred. He is authorized to drive a government vehicle, to conduct surveillance, and otherwise to conduct law enforcement investigations. *See Clifton v. Cox*, 549 F.2d 722, 727 (9th Cir. 1977) (concluding that shooting a suspect was within scope of officer's authority even

if it "exceeded his *express* authority"). Following a suspected fentanyl trafficker was clearly within the scope of his employment.

The fact that the State alleged Agent Landis failed to make a complete stop, which may not have been within his express authority, does not mean he was no longer acting within the scope of his authority. *See Dotson*, 2012 WL 1904467, at *3 ("Running a stop sign without using sirens might not be considered in Defendant's 'express' authority. However, in *Clifton [v. Cox*, 549 F.2d 722 (9th Cir. 1977)]*, the Ninth Circuit said that 'notwithstanding the questionable legality of a federal officer's actions, courts recognized the general rule that errors of judgement in what one conceives to be his legal duty will not, alone, serve to create criminal responsibility of a federal officer.'" (quoting *Cox*, 549 F.2d at 727)). "[C]ourts [have] recognized the general rule that errors of judgment in what one conceives to be his legal duty will not, alone, serve to create criminal responsibility of a federal officer." *Clifton*, 549 F.2d at 727. The State's allegations certainly do not prevent removal.

Agent Landis also intends to prove that his actions were "necessary and proper." To be "necessary and proper," two conditions must be satisfied: (1) the officer must subjectively believe that his action is justified;[4] and (2) that belief must be objectively reasonable. *Id.* at 728; *see also New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004). A defendant need not "show that his action was in fact necessary or in retrospect justifiable, only that he reasonably thought it to be." *Clifton*, 549 F.2d at 728.

---

[4] The en banc Ninth Circuit and other courts have questioned whether inclusion of a subjective component is appropriate in light of the Supreme Court's decision in *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982), which held that qualified immunity should depend on whether the official acted in an objectively reasonable manner, without reference to subjective intentions. *See Idaho v. Horiuchi*, 253 F.3d 359, 366 n.11 (9th Cir.) (en banc), *vacated as moot*, 266 F.3d 979 (9th Cir. 2001) (en banc); *Livingston*, 443 F.3d at 1221. This question has no bearing on the appropriateness of removal under 28 U.S.C § 1442(a).

There is no dispute that at the time of the accident on March 28, 2023, Agent Landis was on duty and engaged in law enforcement activities; he and other law enforcement officers were conducting surveillance while investigating a significant fentanyl drug trafficking organization in Marion County. The State contends that Agent Landis was criminally negligent because he did not come to a complete stop at a stop sign controlling the intersection where the accident occurred. But that does not end the inquiry for removal. "For a federal employee to be stripped of the Supremacy Clause immunity it must be shown that the employee employed means which he cannot honestly consider reasonable in discharging his duties or that the act was made out of malice or with criminal intent." *Dotson*, 2012 WL 1904467, at *3 (*citing Clifton*, 549 F.2d at 728). There is no such allegation here.

The question is whether there is a plausible argument that the steps Agent Landis took were necessary and proper in executing his official duties. *See Dotson*, 2012 WL 1904467, at *4 ("Under the necessary and proper standard, the Defendant only has to show that his act of speeding and running the stop sign in order to catch up to the suspect and his fellow agents was something he reasonably thought was necessary in performance of his duty."). There clearly is—Agent Landis was attempting to maintain sight of a target that was distributing fentanyl—and he reasonably believed his actions were justified. But Agent Landis need not convince the Court that his actions were necessary and proper at this juncture. All he needs to do is present a colorable defense. *Acker*, 527 U.S. at 431. He has done so. Removal is, therefore, proper.

///

///

///

///

## CONCLUSION

For the foregoing reasons, Agent Landis asks the Court to find that it does not clearly appear on the face of this Notice that removal is improper and order a hearing as necessary in order to complete the removal process.

DATED this 16th day of October, 2023

Respectfully submitted,

*s/ Amy E. Potter*
**ANGELI LAW GROUP LLC**
DAVID H. ANGELI, OSB No. 020244
MICHELLE KERIN, OSB No. 965278
AMY E. POTTER, OSB No. 231794
AMANDA A. THIBEAULT, OSB No. 132913
*Attorneys for Defendant Samuel Troy Landis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been filed with the Court's CM/ECF filing system and that the foregoing will be served on:

| | |
|---|---|
| David Wilson<br>Marion County DA's Office<br>drwilson@co.marion.or.us | ____ By hand delivery<br>____ By first-class mail*<br>_x_ By e-mail<br>____ By overnight mail<br>____ By facsimile transmission<br>____ Fax #:<br>____ Email: |

*With first-class postage prepaid and deposited in Portland, OR.

Dated: October 16, 2023.

ANGELI LAW GROUP LLC

s/ *Amy E. Potter*
DAVID H. ANGELI, OSB No. 020244
MICHELLE KERIN, OSB No. 965278
AMY E. POTTER, OSB No. 231794
Attorneys for Defendant Samuel Troy Landis