**David R. Wilson**, OSB #075610
drwilson@co.marion.or.us
555 Court St. NE, Suite 5232
Salem, OR 97301
Telephone: (503) 588-5148

**Ashley R. Cadotte**, OSB #122926
ashley@ashleycadottelaw.com
2905 NE Broadway St.
Portland, OR 97232
Telephone: (971) 804-0898

*Attorneys for the State of Oregon*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **STATE OF OREGON** | 6:23-CR-00330-MC |
| vs. | **STATE'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. § 1442(a)(1)** |
| **SAMUEL TROY LANDIS,** | |
| Defendant. | |

While conducting surveillance in Salem, Oregon, in which no exigent or emergency circumstances were present, defendant ran a clearly marked stop sign and killed a cyclist as she entered the intersection. Following his indictment in state court for Criminally Negligent Homicide in Marion County, Oregon, defendant subsequently filed to remove the case to federal court in an effort to assert an immunity defense as a federal agent. However, there is no federal defense available to defendant. No casual connection exists to support that defendant's grossly negligent actions in a non-exigent circumstance were necessary to fulfill his federal law

**State's Response to Defendant's Notice of Removal of State Criminal Prosecution     Page 1
Pursuant to 28 U.S.C. § 1442(a)(1)**

enforcement duties. No federal question is at issue and no federal interest is served by removal. Defendant's motion should be denied.

I.     **Factual Background**

Defendant is a Special Agent employed by the United States Drug Enforcement Agency (DEA).  On March 28, 2023, defendant was part of an undercover team in Salem, Oregon, comprised of federal agents and local law enforcement officers assigned to conduct surveillance of a target suspected of distributing fentanyl in the area. There were no plans to arrest the individual that day, or to immediately intervene to disrupt the transportation of drugs. Rather the objective was to gain additional information about the target to advance the overall drug trafficking investigation.

During the surveillance, defendant was traveling alone in an unmarked vehicle, and never activated any emergency lights or sirens. Video footage from a resident Ring camera shows defendant's vehicle traveling on Leslie Street and failing to stop at a clearly marked stop sign at the High Street intersection.  As he ran the stop sign, his vehicle collided with a cyclist in the intersection who had the right of way on High Street, resulting in the death of the cyclist. Defendant's understanding at the time of the collision is that there was no urgency for him to get to a different location and that there were multiple other law enforcement members who had visual contact of the target. He admitted to observing the stop sign and stated he believed that he slowed down enough to safely enter the intersection.

II.    **Procedural History**

The Marion County District Attorney convened a Grand Jury, which returned an indictment against defendant for Criminally Negligent Homicide on August 31, 2023, and a warrant was issued for defendant's arrest. Defendant turned himself in on the warrant on

**State's Response to Defendant's Notice of Removal of State Criminal Prosecution     Page 2
Pursuant to 28 U.S.C. § 1442(a)(1)**

September 6, 2023, and signed a release agreement to appear in Marion County Circuit Court on September 20, 2023.  On September 20, 2023, defendant was arraigned on the indictment in Marion County Circuit Court.  On October 16, 2023, defendant Filed a Notice of Removal seeking removal of the state criminal prosecution to federal court. ECF 1.

### III.    Legal Standard

A defendant desiring to remove any criminal prosecution from a State court shall file a notice of removal in the district court containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant. 28 U.S.C. § 1445(a).

Requirements of filing a notice are outlined in 28 U.S.C. § 1445(b):

1. A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

2. A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

3. The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

4. The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

5. If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

**State's Response to Defendant's Notice of Removal of State Criminal Prosecution     Page 3
Pursuant to 28 U.S.C. § 1442(a)(1)**

Removal of criminal proceedings for a federal officer from state to federal court is guided by 28 U.S.C. § 1442(a)(1) which states in relevant part that a civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The Supreme Court outlined the test for federal officer removal in *Mesa v. California*. 489 U.S.121 (1989). The test specifies that the officer must have acted "under color of office" when the incident occurred. *Id*. at 123; *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). In order to test if the officer was acting "under color of office," there must be a causal connection between the charged conduct and the asserted official authority. *Mesa*, 489 U.S. 123; *Willingham*, 395 U.S. at 409. In addition, removal must be predicated on the averment of a federal defense. *Mesa*, 489 U.S. at 127-129 (citing *Tennessee v. Davis*, 100 U.S. 257, 271(1880)). The "federal officer removal statute [requires] the averment of a [specific] federal defense." *Mesa*, 489 U.S. at 133. The Supreme Court has interpreted the removal statute to "cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham*, 395 U.S. at 406-407.

IV.    Discussion

Defendant seeks removal pursuant to 28 U.S.C. § 1442(a) and must therefore demonstrate a colorable claim of federal immunity or other federal defense. *See People of State of Cal. v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987). In *Mesa*, the Court understood the "under

**State's Response to Defendant's Notice of Removal of State Criminal Prosecution      Page 4
Pursuant to 28 U.S.C. § 1442(a)(1)**

color of office" requirement to mean removal is appropriate when a "federal officer is prosecuted for the manner in which he had performed his federal duties." 489 U.S. at 125. In addition to there being a plausible federal defense there must also be a "causal connection" between the charged conduct and the asserted federal authority. *Willingham v. Morgan*, 395 U.S. 402, 409 (1969). In other words, there must be some sort of "federal question" at issue.

The Southern District of California in the Ninth Circuit analyzed the removal requirement in 2012 and found that cases interpreting § 1442 recognize that a defendant's assertion of an exigency is necessary to meet the pleading requirement to remove a prosecution based on a traffic violation in state court. *See California v. Dotson*, No. 11-cv-2932-AJB (ECF 11). Attached as Exhibit A.

The court in *Dotson* highlighted *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir.1991), where the Fourth Circuit examined the proper standard to apply in cases involving on-duty traffic accidents of federal officers invoking federal immunity. The court stated:

> [T]o establish ... a federal immunity defense—hence federal removal jurisdiction—growing out of an on-duty vehicular traffic accident, a federal officer must show that the accident resulted from an exigency or emergency related to his federal duties which dictated or constrained the way in which he was required to, or could, carry out those duties. Thus, the necessity to exceed a speed limit in order to capture a fleeing felon, or to execute a raid, or the necessity to use a known defective vehicle to complete emergency snow clearing are examples of facts supporting an immunity defense, hence federal jurisdiction, in this type situation. But facts which do not reveal any such legitimately constraining duty-related emergency or exigency as the cause of state law violation do not suffice to establish a federal defense, hence a basis for removal jurisdiction. *Id*. at 1139.

Compare *City of Norfolk v. McFarland*, 143 F. Supp. 587 (E.D. Va. 1956) (removal required where investigator is hustling to pick up fellow officer before conducting raid), with *State v. Ivory*, 906 F. 2d 999, 1002 (4th Cir. 1990) (no basis for removal where military convoy driver made an illegal turn into cross-traffic, causing an accident; no proffer of immunity, and

"he has not alleged anything in the conduct of his federal responsibilities which justified his violation of these laws") and *State of Florida v. Huston, D.C.*, 283 F. 687 (no removal where officer's allegedly reckless driving occurs while officer returning to headquarters without any necessity for excess speed).

From a review of these and similar cases, the court in *Dotson* found that the removal provision has been interpreted to authorize removal in traffic matters as long as there is some meaningful connection between the driving and a law enforcement urgency. *See California v. Dotson*, No. 11-cv-2932-AJB (ECF 11). Ex. A.

Defendant is not being prosecuted for carrying out his federal duties, rather, he is being prosecuted for driving his vehicle in a grossly negligent manner that resulted in the death of an individual. Defendant does not assert that his actions and the resulting collision occurred as a result of his response to an exigent circumstance. To the contrary, defendant has made clear that no urgency or exigent circumstances existed at the time he ran the stop sign. There is no meaningful connection between defendant's federal duties and his conduct of running a stop sign and killing a cyclist.

Defendant solely asserts that since he was conducting surveillance as part of his official duties, there is a "colorable" federal defense available to him. Defendant cannot simply say that because the criminal acts were carried out under color of office, a colorable federal defense applies. Without articulating a reasonable basis that would authorize the violation of traffic laws to fulfill his federal law enforcement responsibilities, defendant has failed on the face of his notice to demonstrate that there is a plausible colorable defense available to him that would authorize removal of the state case to federal court. Given defendant's failure on the face of the

**State's Response to Defendant's Notice of Removal of State Criminal Prosecution**   **Page 6**
**Pursuant to 28 U.S.C. § 1442(a)(1)**

notice, the court should reject the removal petition on the papers and remand to state court without need for a hearing.

V.      **Conclusion**

Based upon the foregoing, no causal connection exists between defendant's charged conduct and any exigency related to his federal duties which dictated the way in which he was required to carry out those duties. Therefore, no federal immunity or defense exists. Accordingly, the Court should deny defendant's motion to remove the state case to federal court and order a summary remand to state court.

DATED: November 15, 2023.                     Respectfully submitted,


                                                        /s/ *Ashley R. Cadotte*
                                                        ASHLEY R. CADOTTE, OSB #122926
                                                        Deputy District Attorney


                                                        /s/ *David R. Wilson*
                                                        David R. Wilson, OSB #075610
                                                        Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, a true and correct copy of the foregoing **State's Response to Defendant's Notice of Removal of State Criminal Prosecution Pursuant to 28 U.S.C. § 1442(a)(1)** has been filed with the Court's CM/ECF filing system and that the foregoing will be served via email on:

> David H. Angeli
> david@angelilaw.com
> Michelle Kerin
> michelle@angelilaw.com
> Amy E. Potter
> amy@angelilaw.com
> Amanda A. Thibeault
> amanda@angelilaw.com
> Angeli Law Group LLC
> 121 SW Morrison Street, Suite 400
> Portland, OR 97204
> *Attorneys for Defendant*

This 15th day of November, 2023.

*/s/ Ashley R. Cadotte*
Ashley R. Cadotte, OSB #122926
Deputy District Attorney