**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF OREGON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE,<br><br>　　　　　Respondent,<br><br>SAMUEL TROY LANDIS,<br><br>　　　　　Real Party in Interest. | No. 24-161<br><br>D.C. No.<br>6:23-cr-330<br><br><br>MEMORANDUM* |

Petition for Writ of Mandamus

Argued and Submitted May 7, 2024
Seattle, Washington

Before: McKEOWN, BEA, and OWENS, Circuit Judges.

　　The State of Oregon petitions for a writ of mandamus directing the federal district court to remand this state criminal prosecution to state court under the All Writs Act, 28 U.S.C. § 1651. The State charged a federal Special Agent employed

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

by the Drug Enforcement Administration ("DEA"), Samuel Landis ("Defendant"), for criminally negligent homicide after a deadly collision between Defendant's vehicle and a cyclist. The collision occurred after Defendant ran a stop sign while conducting a surveillance operation with the DEA. After an evidentiary hearing before the federal district court, the court granted Defendant's motion to remove the prosecution to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). We have authority to entertain a writ of mandamus under 28 U.S.C. § 1651, *see United States v. Harper*, 729 F.2d 1216, 1221 (9th Cir. 1984), and we deny the petition.

A "clear error of law[] is almost always a necessary predicate" to grant the "extraordinary remedy" of a writ of mandamus. *In re U.S. Dep't of Educ.*, 25 F.4th 692, 697–98 (9th Cir. 2022). The district court did not clearly err when it determined Defendant established a "colorable" federal defense. *See DeFiore v. SOC LLC*, 85 F.4th 546, 559–60 (9th Cir. 2023) (defining a "colorable" federal defense as one that is not "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous" (alteration in original) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946))). Supremacy Clause immunity is a federal defense that immunizes an officer from state criminal prosecution for acts (1) within the scope of the federal officer's authority (2) that are "necessary and proper." *Clifton v. Cox*, 549 F.2d 722, 725 (9th Cir. 1977). The State of Oregon does not dispute that

Defendant had the authority to drive his government-issued vehicle as part of the DEA operation when the collision occurred, or to violate traffic laws in certain circumstances. The disputed issue is whether Defendant's act of running the stop sign was "necessary and proper." An act is "necessary and proper" if it is both subjectively and objectively reasonable under the circumstances. *See id.* at 728–29.

Record evidence supports that Defendant's federal Supremacy Clause immunity defense is colorable. Grand Jury testimony confirmed that officers sometimes violate traffic laws during surveillance operations and that at least one other officer who was part of the DEA operation during which the collision occurred violated traffic laws to execute his duties effectively. Defendant also testified that he was trying to catch up to his team and was driving with that purpose when the collision occurred. And there is no evidence Defendant was deviating from the surveillance operation when he ran the stop sign. Because evidence supports that Defendant's actions may have been objectively reasonable under the circumstances, the district court did not clearly err when it concluded Defendant had satisfied his burden of showing that he has a colorable federal defense. Thus, Defendant is entitled to have his case prosecuted in federal court.

**PETITION DENIED.**