**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF OREGON,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>SAMUEL TROY LANDIS,<br><br>　　　　　Defendant - Appellee. | No. 25-447<br><br>D.C. No.<br>6:23-cr-00330-MC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Argued and Submitted October 21, 2025
San Francisco, California

Before: McKEOWN, BEA, and OWENS, Circuit Judges.

Plaintiff-Appellant State of Oregon appeals the federal district court's order

which granted Defendant-Appellee Samuel Landis' ("Landis") motion to dismiss

the State's charge for criminally negligent homicide on Supremacy Clause

immunity grounds. The State of Oregon seeks reversal of the order and remand to

the district court for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The case arises out of an incident in which Landis, while on duty as a Special Agent with the Drug Enforcement Administration as part of an undercover Drug Task Force charged with conducting surveillance on a suspected fentanyl trafficker, ran a stop sign in a residential area in Salem, Oregon, and struck a bicyclist, who was killed.  The bicyclist had the right of way at the time, and Landis went through the stop sign at approximately 18 miles per hour.

A Marion County Grand Jury returned a secret indictment against Landis, charging him with one count of criminally negligent homicide in violation of Or. Rev. Stat. § 163.145.  Landis removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1) and moved to dismiss the case pursuant to Federal Rule of Criminal Procedure 12(b), claiming that he was immune from the state charge because of the Federal Constitution's Supremacy Clause.  After holding an evidentiary hearing, the district court made findings of undisputed fact and ultimately concluded that because Landis was acting within the scope of his authority at the time of the accident and because Landis' subjective belief that he had to "drive with a purpose" to catch up with the other members of the Task Force was objectively reasonable, he was entitled to federal Supremacy Clause immunity for the state charge.

We affirm the order of the district court.

1. In cases of Supremacy Clause immunity, it is the responsibility of the federal district court judge, and not that of a jury, to make factual findings.  *See In*

*re Neagle*, 135 U.S. 1, 75 (1890) (finding that the judge of the lower court "was as competent to ascertain the[] facts as any other tribunal, and it was not at all necessary that a jury should be impaneled to render a verdict on them"); *see also West Virginia v. Laing*, 133 F. 887, 891 (4th Cir. 1904) ("Congress certainly intended, in cases of this character, that the judges of the United States should hear the evidence, and without a jury proceed in a summary way to pass upon the federal question involved.").

If the judge finds that the facts are undisputed, the judge must then determine whether the defendant's actions were (1) within the scope of the federal officer's authority; and (2) "necessary and proper," meaning that the actions were both subjectively and objectively reasonable. *See In re Neagle*, 135 U.S. at 75 ("[I]f the prisoner is held in the state court to answer for an act which he was authorized to do by the law of the United States … and if, in doing that act, he did no more than what was necessary and proper for him to do, he cannot be guilty of a crime under the law of the state…"); *Clifton v. Cox*, 549 F.2d 722, 728 (9th Cir. 1977) ("Determination of whether [a defendant's action] was necessary and proper, we find, must rest not only on the subjective belief of the officer but also on the objective finding that his conduct may be said to be reasonable under the existing circumstances. Proper application of this standard does not require a petitioner to show that his action was in fact necessary or in retrospect justifiable, only that he

25-447

reasonably thought it to be.").

2. Furthermore, if the district court judge finds that the facts are undisputed, the Ninth Circuit reviews the district court's determination of whether the defendant's actions were both objectively and subjectively reasonable for clear error. *See Clifton*, 549 F.2d at 729 (finding that the Court could not "on the basis of the overall record conclude that the[] findings [of the district court judge] are clearly erroneous").

3. The district court's finding that Landis acted within the scope of his authority is undisputed. The district court's finding that Defendant's conduct was both objectively and subjectively reasonable under the circumstances is not clearly erroneous. After conducting an evidentiary hearing and finding that the facts were undisputed, the district court concluded first that Landis' actions were subjectively reasonable because he "honestly believed he could safely run the stop sign while driving 'with a purpose' to catch up to the rest of his surveillance team." The district court also found that Landis' behavior was objectively reasonable because every agent testified that in order successfully to conduct a surveillance operation, each agent must, at multiple points, violate traffic laws; it is critical that agents without visual contact on the suspect remain close to those with such visual contact; and Landis' actions were not outside the bounds of what another agent may have done under the circumstances. The district court's conclusions are

25-447

heavily supported by the facts in the record and therefore not clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) ("[W]e will affirm a district court's factual finding unless that finding is illogical, implausible, or without support in inferences that may be drawn from the record." (footnote omitted)).

**AFFIRMED.**

25-447